# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH RODRIGUEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0736 |
| | : | |
| **COMMISSARY STAFF,** | : | |
| **Defendant.** | : | FEB 25 2019 |

## MEMORANDUM

**TUCKER, J.**                                                                            **FEBRUARY 25, 2019**

*Pro se* Plaintiff Joseph Rodriguez, a State inmate currently incarcerated at SCI Phoenix, has filed this civil action pursuant to 42 U.S.C. § 1983 against "Commissary Staff." (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Rodriguez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

Rodriguez alleges that on December 31, 2018, he took a laxative pill and subsequently was taken to the medical department at SCI Phoenix "for serious stomach pains." (Compl. at 13.)[1] He states that he had ordered the laxatives from commissary at SCI Phoenix and that they were expired when he received them. (*Id.* at 3-4.) Rodriguez "was treated and prescribed medication." (*Id.* at 3.) Based on these allegations, Rodriguez claims that his rights under the Eighth Amendment were violated. (*Id.* at 11.) As relief, he seeks $500,00.00 in compensatory damages and $500,000.00 in punitive damages. (*Id.* at 13.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Rodriguez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Rodriguez's Complaint fails to state a claim for relief at this time.

As noted above, Rodriguez has named "Commissary Staff" as the sole Defendant in this matter. It is not proper, however, for Rodriguez to sue the entire commissary staff at SCI Phoenix unless each and every staff member was personally involved in violating his rights. In other words, it is insufficient to pin liability on every staff member based solely on the fact that

---

[2] However, as Rodriguez is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

those staff members are part of a flawed system, if that is what Rodriguez is trying to do. Instead, Rodriguez must limit his claims to those individuals and entities who played a role—whether through acts or inaction--in violating his rights. His allegations against "Commissary Staff" are simply insufficient to state a claim without any reference to which specific individual engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

Moreover, Rodriguez fails to state a plausible Eighth Amendment claim at this time. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Therefore, the prisoner must sustain "extreme deprivations." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The prisoner must also allege that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). That is, the prisoner must establish that the defendants acted with a state of mind equivalent to a reckless disregard of a known risk of harm. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Here, Rodriguez's allegations regarding the sale of expired laxatives are not sufficiently serious to give rise to a violation of the Eighth Amendment. *See Mitchell v. Sepowski*, No. 1:13-cv-05159 (ALC), 2014 WL 4792101, at *4 (S.D.N.Y. Sept. 25, 2014) (concluding same regarding allegations that commissary had sold expired toothpaste for four (4) weeks). Moreover, nothing in the Complaint suggests that the staff member who sold Rodriguez the expired laxatives had a sufficiently culpable state of mind to suggest that he or she acted with deliberate indifference to Rodriguez's health. For these reasons, Rodriguez's Complaint is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Rodriguez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Rodriguez's right to file an amended complaint within thirty (30) days if he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Petrese B. Tucker*
**PETRESE B. TUCKER, J.**

4