IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSEPH RODRIGUEZ, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0736 |
| | : | |
| COMMISSARY STAFF, | : | |
| Defendant. | : | APR - 1 2019 |

MEMORANDUM

TUCKER, J.  MARCH 29, 2019

*Pro se* Plaintiff Joseph Rodriguez, a State inmate currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 against "Commissary Staff." (ECF No. 2.) The Court previously granted leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. (ECF No. 6.) Rodriguez has now filed an Amended Complaint ("AC"). For the following reasons, we dismiss the AC with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  FACTS

In the original Complaint Rodriguez alleged that on December 31, 2018, he took a laxative pill and subsequently was taken to the medical department at SCI Phoenix "for serious stomach pains." (Compl. at 13.)[1] He stated that he had ordered the laxatives from commissary at SCI Phoenix and that they were expired when he received them. (*Id.* at 3-4.) Rodriguez "was treated and prescribed medication." (*Id.* at 3.) Based on these allegations, Rodriguez claimed that his rights under the Eighth Amendment were violated. (*Id.* at 11.) He sought $500,00.00 in

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

compensatory damages and $500,000.00 in punitive damages. (*Id.* at 13.) The original Complaint was dismissed without prejudice because, *inter alia*, he named the entire Commissary Staff at the institution rather than identifying specific individuals who were personally involved in a violation of his rights, and Rodriguez's allegations regarding the sale of expired laxatives were not sufficiently serious to give rise to a violation of the Eighth Amendment. (ECF No. 5.) His AC essentially repeats the same allegations but attempts to identify a specific defendant. (ECF No. 7.)[2]

## II. STANDARD OF REVIEW

Because the Court has granted Rodriguez leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Also, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory

---

[2] The Court notes that the Clerk docketed the AC as a "Response" presumably because Rodriguez entitled the filing "Respond." In the accompanying Order, the Court will direct the Clerk to file the AC as a separate document.

2

allegations do not suffice. *Id.* As Rodriguez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As the Court stated in the prior Memorandum, Rodriguez's allegations regarding the sale of expired laxatives are not sufficiently serious to give rise to a violation of the Eighth Amendment. *See Mitchell v. Sepowski*, No. 1:13-cv-05159 (ALC), 2014 WL 4792101, at *4 (S.D.N.Y. Sept. 25, 2014) (concluding same regarding allegations that commissary had sold expired toothpaste for four (4) weeks). Moreover, nothing in the original Complaint suggested that the unnamed staff member who sold Rodriguez the expired laxatives had a sufficiently culpable state of mind to suggest that he or she acted with deliberate indifference to Rodriguez's health.

Nothing in Rodriguez's AC cures these defects.[3] While Rodriguez attempts to identify a specific unnamed employee — a "female defendant who works at Phoenix Prison Commissary Dept." (*see* AC at ¶ I.B.) — he alleges only that "even if defendant did not attempt to cause harm or was unconscious to the expiration laxative pills — she is still responsible for any damage or pain that caused plaintiff to land in the Medical dept." He also asserts that the Defendant should be "accountable for her/His poor supervision in her/his duty." (ECF No. 7 at 3.) These allegations are insufficient to allege deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994);

---

[3] Indeed, Rodriguez attached a photocopy of one laxative package showing the product had an expiration date of "12/2018." (ECF No. 2 at 6.) Rodriguez's allegation that he took the laxative on December 31, 2018 establishes that his allegation that this product was expired lacks an arguable basis in fact.

3

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Because Rodriguez has failed to allege that this Defendant acted with a state of mind equivalent to a reckless disregard of a known risk of harm, the AC is dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Because Rodriguez has already had one opportunity to cure the defects noted by the Court, and his new allegations fall far short of the deliberate indifference standard, the dismissal will be with prejudice since further amendments would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Rodriguez's AC for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**